# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL J. MARTIN,

              Petitioner,      :      Case No. 3:19-cv-042

  - vs -                             District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

WARDEN,
  London Correctional Institution

                                :

              Respondent.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

This habeas corpus case is before the Court on Petitioner's Motion to Dismiss (ECF No. 5). A motion to dismiss voluntarily under Fed.R.Civ.P. 41 is a non-dispositive motion on which an assigned Magistrate Judge may rule.

Petitioner asks that the case be dismissed without prejudice and that the Court allow him to refile "when he has other evidence in his Post-Conviction Petitions." *Id.* He asserts he also has a motion for new trial pending before the trial court. *Id.*

Although the Magistrate Judge has already filed a Report and Recommendation recommending the Petition be dismissed with prejudice, this is the Petitioner's case and he should be allowed to present it as completely as he can within the statute of limitations. Petitioner is cautioned, however, that habeas corpus petitions are subject to a one-year statute of limitations, codified at 28 U.S.C. § 2244(d) which provides:

>  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If either of the matters which Petitioner says he has pending in the trial court was properly filed, then the time when that matter is pending is not counted. If those matters were not "properly filed" within the meaning of § 2244, they will not prevent the statute from running. For example, if the post-conviction petition was filed outside the one-year time limit for such petitions, it would not be "properly filed."

If there is no such properly filed post-conviction attack, then the one year runs from the ninetieth day after final judgment in the Ohio Supreme Court, which happened January 31, 2018. Ninety days later was May 1, 2018, so Petitioner's time to file would expire May 1, 2019, unless the time was tolled by a properly filed collateral attack, as set forth above. The time when a habeas

2

petition was pending does not toll the statute, so the time since he first filed here (February 12, 2019) is still counted.

With that caution about the statute of limitations, Petitioner's Motion to Dismiss without prejudice is GRANTED. That renders Petitioner's Objections to the Report and Recommendations moot. The Clerk will terminate this case on the docket.

March 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
